JOURNAL ENTRY AND OPINION
Defendant-appellant, Victor Johnson, appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, which found appellant to be in violation of his probation and committed him to the Ohio Department of Youth Services.
A review of the record reveals that, on June 29, 1999, appellant was found to be delinquent for violating R.C. 2925.11, possession of drugs. At the dispositional hearing held on August 17, 1999, appellant was placed on probation, the terms of which required appellant to serve three days of community service, attend school regularly and complete school assignments. Both entries were journalized on August 23, 1999 and no appeal was taken from these orders.
On November 4, 1999, appellant's probation officer filed a motion requesting that the trial court find appellant in violation of his probation and a warrant was thereafter issued for his arrest. Appellant admitted the allegations contained in the motion at a hearing held on December 20, 1999. At a subsequent hearing held on January 24, 2000, appellant waived counsel and again entered an admission to allegations against him. Appellant was thereafter found to have violated the terms of his probation and was committed to the Ohio Department of Youth Services for a term of six months. Both entries were journalized on January 24, 2000. The record does not contain any reference that these hearings were recorded nor does the record contain any transcript evidencing as much.
Appellant is now before this court and assigns two errors for our review. Succinctly, he raises constitutional challenges regarding the waiver of counsel and the manner in which his admission was accepted.
As a threshold issue, however, this court must address the absence of a recording of the proceedings that took place on December 20, 1999 and January 24, 2000. This court has previously held that the failure of the trial court to record such proceedings is reversible error. See In re Allen (Oct. 29, 2000), Cuyahoga App. No. 77421, unreported at 3-4. As such, we need not reach the merits of this appeal at this time.
Thus, to the extent that appellant's assignments of error challenge the court's orders journalized January 24, 2000, they are well taken and are sustained.
The judgment of the trial court is reversed and the cause remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE